UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>JENNIFER BARRETTO, et al.,<br><br>    Defendants. | No. 2:16-cv-1539 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested appointment of counsel and leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    <u>Application to Proceed In Forma Pauperis</u>

    Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, though he has not submitted a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. <u>See</u> 28 U.S.C. § 1915(a)(2). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the complaint be summarily dismissed.

////

////

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

1 content that allows the court to draw the reasonable inference that the defendant is liable for the

2 misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

3 under this standard, the court must accept as true the allegations of the complaint in question,

4 Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

5 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

6 McKeithen, 395 U.S. 411, 421 (1969).

III.      Complaint

Plaintiff alleges that defendants Barretto, Herndon, and Lewis violated his Eighth and Fourteenth Amendment rights when they suspended his visitation with Dolores Johnson, whom some of the attachments identify as plaintiff's fiancée.  ECF No. 1 at 3-4, 16, 39, 41.  The complaint alleges that prior to a visit with Ms. Johnson, plaintiff forgot to remove two photographs from his wheelchair and visitation staff mistakenly believed that Ms. Johnson had given plaintiff the photographs during the visit to bring back into the prison.  Id. at 3-4.  As a result, plaintiff's visitation with Ms. Johnson was suspended for six months even though plaintiff was never charged with a disciplinary infraction.  Id.

IV.      Failure to State a Claim

"In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 411 (1991) (citing Dep't of Labor v. Triplett, 494 U.S. 715, 720 (1990); Singleton v. Wulff, 428 U.S. 106 (1976)).

Plaintiff provides documentation that shows that Ms. Johnson was notified that *her* visitation privileges had been suspended and that *she* had the right to appeal the suspension, which she did.  ECF No. 1 at 7, 9-13.  The documents further show that after the period of suspension expired, Ms. Johnson had to be reapproved to visit plaintiff.  Id. at 7, 21-22.  The lack of disciplinary charges against plaintiff also demonstrates that Ms. Johnson was the one determined to have violated the rules, not plaintiff.  Id. at 3-4.  In this instance, it is clear from both the circumstances alleged in the complaint and the documents plaintiff has attached to the complaint that it was Ms. Johnson's visitation privileges that were suspended, not plaintiff's

1  visitation privileges. Id. at 3-4, 7, 21-22. Plaintiff does not have standing to challenge the
2  suspension of Ms. Johnson's visitation privileges. Mendoza v. Blodgett, 960 F.2d 1425, 1433
3  (9th Cir. 1992) (prisoner did not have standing to assert rights of visitor whose visitation
4  privileges had been suspended for bringing contraband into the prison during visit). Because
5  plaintiff lacks standing, the complaint must be dismissed.

6  To the extent plaintiff is making a claim that his right to visit with Ms. Johnson was
7  suspended, "there is no constitutional right to 'access to a particular visitor.'" Keenan v. Hall, 83
8  F.3d 1083, 1092 (9th Cir. 1996)" (quoting Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454,
9  461 (1989)); Overton v. Bazzetta, 539 U.S. 126, 136-37 (2003) (regulations banning visitation
10 privileges entirely for a two-year period for inmates with two substance abuse violations and
11 regulating the conditions of visitation  upheld as not affecting constitutional rights that survive
12 incarceration); Thompson, 490 U.S. at 460-61 (no liberty interest in "unfettered visitation" or
13 visits with "a particular visitor"). Plaintiff therefore fails to state a claim and the complaint must
14 be dismissed without leave to amend.

15 V.      No Leave to Amend

16 If the court finds that a complaint should be dismissed for failure to state a claim, the court
17 has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-
18 30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the
19 defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see
20 also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
21 leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
22 clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
23 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear
24 that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.
25 Cato, 70 F.3d at 1005-06.

26 The undersigned finds that, as set forth above, the complaint fails to state a claim upon
27 which relief may be granted and that amendment would be futile. The complaint should therefore
28 be dismissed without leave to amend.

VI. <u>Motion for Appointment of Counsel</u>

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u>

In light of the undersigned's recommendation that this case be dismissed without leave to amend, plaintiff's request for counsel will be denied.

VII. <u>Summary</u>

The undersigned recommends that the complaint be dismissed without leave to amend, for two reasons. First, plaintiff cannot sue for suspension of Ms. Johnson's visiting privileges because those are her privileges and not his. Second, plaintiff does not have any legally-protected right to visit with a specific person.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 3) is denied.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend and the action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE